**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4847**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN M. STEVENS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.   (CR-04-217)

_____

Submitted:  July 5, 2006              Decided:  July 13, 2006

_____

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank W. Dunham, Jr., Federal Public Defender, Amy L. Austin, Assistant Federal Public Defender, Sapna Mirchandani, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Stevens appeals his convictions for possession with intent to distribute cocaine base, 21 U.S.C. § 841, possession of cocaine base, 21 U.S.C. § 844, and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). On appeal, Stevens challenges all of his convictions as violative of Batson v. Kentucky, 476 U.S. 79 (1986), which prohibits the exercise of peremptory strikes "to challenge potential jurors solely on account of their race . . . ." Id. at 89. Additionally, Stevens challenges the sufficiency of the evidence to support his § 924(c) conviction. We affirm.

Stevens' Batson challenge is based upon his argument that the district court erroneously allowed the government to peremptorily strike a potential black juror, Juror No. 6, because of her race. "A finding by the [trial] court concerning whether a peremptory challenge was exercised for a racially discriminatory reason is given great deference by this court; we review that finding only for clear error." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998) (internal quotation marks omitted) (alteration in original).

The three-step burden-shifting analysis of a Batson challenge is as follows:

> When making a *Batson* motion, the defendant must first make a "prima facie" showing of purposeful discrimination. Once the defendant establishes a prima facie case of discrimination, the burden shifts to the

> prosecutor to articulate a race-neutral explanation for the challenge. If the prosecutor satisfies this requirement, the burden shifts back to the defendant to prove that the explanation given is a pretext for discrimination. The ultimate burden always rests with the opponent of the challenge to prove purposeful discrimination.

Id. at 833-34 (internal citations and quotation marks omitted). "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot." Hernandez v. New York, 500 U.S. 352, 359 (1991) (plurality opinion). "At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Id. at 360.

According to counsel for the government, she struck Juror No. 6 because, in her four years as a prosecutor, it had been her experience "that folks that have sat on juries believe they are experts and are sometimes not able to discuss issues with others. [Juror No. 6] indicated she has served on a jury before, a criminal jury." (J.A. 55). The burden therefore shifted back to Stevens to demonstrate that the government's articulated, race-neutral reason was a pretext for racial discrimination. United States v. Joe, 928 F.2d 99, 102 (4th Cir. 1991). Stevens asserted that the government's reasoning was pretextual because the government did

not strike Juror No. 12, a potential white juror who also had previously served on a criminal jury. See Miller-El v. Dretke, 545 U.S. 231 (2005) (If "proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at Batson's third step.").

The following exchange between the district court and the government then took place:

> [GOVERNMENT]:  But when I saw her response to the question, I was not comfortable having her on the jury.
>
> THE COURT:  The response of [Juror No. 6]?
>
> [GOVERNMENT]:  Yes.  Yes.  I watched as she answered.
>
> THE COURT:  What was it?

(J.A. 55).

> [GOVERNMENT]:  I watched as you asked questions of who had sat on juries, and things like that, and I looked at the response on their faces and she kind of smirked.  It may not be a smirk, but it's something that didn't leave me comfortable.

(J.A. 56).

Counsel for Stevens responded:  "I don't think she has given very solid grounds that she might have given a look, she might not have given a look."  Id.

The district court considered this argument and concluded:

> It's not whether the grounds are solid.  The question is whether or not she has given a neutral justification for [her] exercise to strike.  I'm going to accept it on its face, and I do so, and the motion is denied.  The record is preserved.

Id.

We hold the district court's finding that the government had a race-neutral justification for peremptorily striking Juror No. 6 is not clearly erroneous. The district court was in a position to observe Juror No. 6 as well as the demeanor of government counsel, and, "[a]s with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province." Hernandez, 500 U.S. at 365 (internal quotation marks omitted). In sum, we reject Stevens' Batson challenge.

We also reject Stevens' challenge to the sufficiency of the evidence to support his § 924(c) conviction for possessing a firearm in furtherance of a drug trafficking crime. A verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as that evidence which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

The evidence at trial, viewed in the light most favorable to the government, showed that Stevens was the driver of a borrowed vehicle. While the vehicle was parked on the side of the road with the engine running, Stevens kept a loaded firearm at his feet in

the floorboard and held 5.437 grams of cocaine base in his hands, which cocaine base was packaged for distribution in fifty-four knotted, clear-plastic baggie corners. From this evidence, the jury could reasonably infer that Stevens possessed the firearm in furtherance of a drug trafficking crime.

Based on the foregoing, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED